# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Gregory Anderson,

        Defendant.

Crim. No. 03-426 (RHK/AJB)

**ORDER**

This matter is presently before the Court on Defendant's self-styled <u>pro</u> <u>se</u> submission entitled "Notice of Motion and Motion For A 'Ninety(90)Day Extension' Pursuant To 'Rule 12 Of Rules Governing Section § 2255 Proceedings.'" (Docket No. 60.) Defendant is asking the Court to grant him a 90-day extension of the one-year deadline for seeking relief under 28 U.S.C. § 2255. <u>See</u> 28 U.S.C. § 2255 [para. 6]. Defendant's motion will be DENIED, for the reasons discussed below.

Defendant has not cited, and the Court is not independently aware of, any legal authority that would allow the Court to grant the relief Defendant is seeking here.[1] 28 U.S.C. § 2255 itself does not authorize a district court to extend the one-year deadline for filing a post-conviction motion under that statute, and

---

[1] The caption of Defendant's motion alludes to Rule 12 of the Rules Governing Section 2255 Proceedings For The United States District Courts, but that Rule simply says that –

"The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

Defendant has made no effort to explain how this Rule might support his current motion, and the Court finds it to be wholly inapposite here.

there does not appear to be any other statute or case law suggesting that district courts have any legal authority to grant such an extension.  Furthermore, Defendant has not identified any factual circumstances that could justify the extension he is seeking.

The Second Circuit Court of Appeals has concluded that "'a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed,'" because in the absence of an actual petition, "'there is no case or controversy to be heard, and any opinion... on the timeliness issue would be merely advisory.'"  Green v. United States, 260 F.3d 78, 82 (2nd Cir. 2001), quoting United States v. Leon, 203 F.3d 162, 164 (2nd Cir. 2000) (per curiam).  See also Ramirez v. United States, 461 F.Supp.2d 439, 440-41 (E.D.Va. 2006) ("[w]hile the Fourth Circuit has not yet considered the issue, every court to have done so has concluded that federal courts lack jurisdiction to consider the timeliness of a § 2255 petition until the petition itself is filed because a motion for extension of time [for filing a § 2255 motion] is not, by itself, a 'case or controversy' within the meaning of Article III of the United States Constitution").

However, the Second Circuit also said in Green that "[w]here a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required,... to treat that motion as a substantive motion for relief under section 2255."  260 F.3d at 83.  This led the Court to conclude that –

> "Irrespective of when a prisoner files a motion for extension of time, the district court must first determine whether the motion contains allegations supporting a claim for relief under section 2255.  If it does, the district court should construe it as such, and then decide whether the motion is timely. If it does not, the district court has no jurisdiction... to consider the motion."

2

CASE 0:03-cr-00426-RHK-AJB   Document 62   Filed 10/09/07   Page 3 of 4

Id.

In this case, Defendant's motion for extension offers no hint as to what grounds for relief he might attempt to raise in a § 2255 motion. As noted in Green, "[a] motion under section 2255 must 'specify all the grounds for relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified.'" 260 F.3d at 83 (citation omitted). Here, however, Defendant's motion, repeated verbatim and in its entirety, says only the following:

> "Please Take Notice, that the defendant Gregory Anderson, hereby files the above mentioned motion pursuant to the aforementioned rule, for an extension of ninety(90), day to prepare and file his section § 2255 motion, and pursuant to the 'AEDPA', the defendants [sic] time has not expired and thus pray's [sic] upon the Honorable Court to grant the requested extension in the interest of justice."[2]

Defendant obviously has not provided any information whatsoever about what (if any) substantive grounds for § 2255 relief he might have mind.

Thus, the Court concludes that, even with the benefit of liberal construction, the present motion for extension cannot be construed to actually be a § 2255 motion. It follows, under the analysis prescribed

---

[2] The actual expiration date of the § 2255 statute of limitations in this case cannot be adjudicated here, because that issue is not properly before the Court at this time. The Court notes, however, that Defendant's conviction became final upon the expiration of the deadline for seeking certiorari review of the Court of Appeals' decision on his direct appeal. That decision is dated March 20, 1996, (see United States v. Anderson, 170 Fed.Appx. 996 (8th Cir. 2006)), and the Court of Appeals' judgment was filed in this Court on May 30, 2006. (Docket No. 59.) The deadline for seeking certiorari review presumably expired 90 days later, on August 28, 2006. (See Sup. Ct. R. 13.1.) It would follow that the § 2255 one-year statute of limitations began to run in this case on August 28, 2006, and expired on August 28, 2007. Therefore, despite Defendant's assertion that the "time has not expired," it appears that the § 2255 statute of limitations did, in fact, expire before he filed his current motion for an extension.

3

by <u>Green</u>, that the Court lacks jurisdiction over Defendant's motion for an extension.  For this additional reason, Defendant's motion will be denied.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS ORDERED** that

Defendant's "Notice of Motion and Motion For A 'Ninety(90)Day Extension' Pursuant To 'Rule 12 Of Rules Governing Section § 2255 Proceedings,'" (Docket No. 60), is DENIED.

Dated: October  9  , 2007                                    s/Richard H. Kyle
                                                             RICHARD H. KYLE
                                                             United States District Court Judge

4