UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,

v.

Gregory Anderson,

        Defendant.

Civ. No. 10-904 (RHK)
Crim. No. 03-426 (RHK/AJB)

**MEMORANDUM OPINION
and ORDER**

---

This matter is before the Court on Defendant's Motion to Vacate, Set Aside or Correct Sentence, brought under 28 U.S.C. § 2255. (Docket No. 63.) Defendant's motion will be DENIED, for the reasons discussed below.

**I. Background**

This case was initiated in December 2003, when a federal grand jury handed up an indictment charging Defendant with four counts of bank robbery. In February 2004, a jury found Defendant guilty on three of those four counts. Thereafter, the Court ordered that a Presentence Report, ("PSR"), be prepared to facilitate Defendant's sentencing.

The PSR showed that Defendant had at least <u>three</u> prior felony convictions that constituted "crimes of violence" for purposes of the United States Sentencing Guidelines, ("USSG"). A defendant with at least <u>two</u> such convictions is considered to be a "career offender" under the Guidelines. USSG 4B1.1(a). Therefore, Defendant was found to be a career offender, for purposes of determining his offense level and his criminal history category under the Guidelines.

On July 21, 2004, the Court imposed a sentence of 210 months – the very bottom of the sentencing range prescribed by the Guidelines. (See Transcript of Sentencing, [Docket No. 45].) Defendant appealed that sentence, and the Eighth Circuit Court of Appeals remanded the case for re-sentencing in accordance with Booker v. United States, 543 U.S. 220 (2005). (See Judgment dated March 9, 2005, [Docket No. 48].)

On August 2, 2005, Defendant appeared before the Court for re-sentencing. (See Transcript of Re-sentencing, [Docket No. 56].) At that time, the Court expressly reiterated the previous determination that Defendant has "an extensive record involving at least three crimes of violence," which puts him "into the career offender status." (Id., p. 13.)[1] The Court reconsidered Defendant's sentence under the Guidelines, and in accordance with Booker, and concluded – once again – that a sentence of 210 months was appropriate. (Id.)

After Defendant was re-sentenced, he filed a second appeal. In an unpublished decision dated March 20, 2006, the Eighth Circuit Court of Appeals rejected all of Defendant's claims on the merits, and affirmed his conviction and 210-month sentence. United States v. Anderson, 170 Fed. Appx. 996 (8th Cir. 2006).

On March 22, 2010, Defendant filed the § 2255 Motion that is now before the Court. The current motion presents a single claim for relief, which – repeated verbatim and in its entirety – is as follows:

> "Theft from a person is not a violent crime to be used under [USSG] 4B1.1. In light of Chambers and Johnson both recent Supreme Court Rulings, theft from a person is not a crime of violence to be used to enhance my sentence for Career Criminal

---

[1] The three prior convictions identified as "crimes of violence" in the PSR, and at both of Defendant's sentencing hearings, are (1) a 1981 conviction for armed robbery, (2) a 1998 conviction for bank robbery, and (3) a 2002 conviction for "felony theft from a person."

2

4B1.1."

(Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," [Docket No. 63], p. 5, § 12.)

The two recent Supreme Court decisions cited by Defendant, ("Chambers and Johnson"), obviously are Chambers v. United States, 129 S. Ct. 687 (2009) and Johnson v. United States, 130 S. Ct. 1265 (2010). In both of those cases, the Court considered whether certain state criminal offenses would qualify as "violent felonies" under the Armed Career Criminal Act, codified at 18 U.S.C. § 924(e)(1).[2] Both Chambers and Johnson were decided after Defendant was re-sentenced, and both cases arguably narrowed the meaning of the term "crime of violence," as used in the Sentencing Guidelines.[3]

Defendant now contends that, in light of Chambers and Johnson, one of the prior convictions that caused him to be sentenced as a career criminal – namely his 2002 conviction for "felony theft from a person" – no longer qualifies as "crime of violence" under the Sentencing Guidelines. Defendant apparently believes that if his conviction for "felony theft from a person" is no longer considered a "crime of violence," then he can no longer be considered a "career offender" under the

---

[2] Chambers involved "the crime of 'fail[ing] to report to a penal institution' [in violation of] Ill. Comp. Stat., ch. 720, § 5/31-6(a) (West Supp. 2008)," (129 S. Ct. at 690), and Johnson involved "the Florida felony offense of battery by '[a]ctually and intentionally touch[ing]' another person, Fla. Stat. § 784.03(1)(a), (2) (2003),"(130 S. Ct. at 1268).

[3] As noted in the text, both Chambers and Johnson interpreted the term "violent felony," as used in the Armed Career Criminal Act. Defendant was not sentenced under that law. His current claim pertains to the term "crime of violence" as used in the Sentencing Guidelines. However, our Court of Appeals has frequently observed that the term "violent felony," as used in the Armed Career Criminal Act, is legally indistinguishable from the term "crime of violence," as used in the Guidelines, so judicial interpretations of those two terms are used interchangeably. United States v. Williams, 537 F.3d 969, 971-72 (8th Cir. 2008).

3

Guidelines, and his current sentence will have to be reduced accordingly. That argument must be rejected.

## II. Discussion

The Government contends that Defendant's current § 2255 Motion should be denied because of three fatal procedural defects,[4] and also because his claim is without merit. Although the Government's procedural defenses appear to be well-supported, the Court finds that in this particular case, it would be most propitious to reach the merits of Defendant's claim. As our Court of Appeals has observed, "[t]he simplest way to decide a case is often the best." Chambers v. Bowersox, 157 F.3d 560, 564 n.4 (8th Cir. 1998), cert. denied, 527 U.S. 1029 (1999). See also Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir.) ("[a]lthough the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated"), cert. denied, 528 U.S. 846 (1999). The Court does not mean to suggest that the Government's procedural defenses are dubious or deficient. To the contrary, those defenses appear to be very sound and sustainable. In this case, however, the Court finds that it is preferable to address Defendant's claim on the merits, because it is so readily apparent that his claim is unavailing.

Defendant's current § 2255 claim fails on the merits for one very simple reason: A federal criminal defendant needs only two prior convictions for a "crime of violence" in order to qualify as

---

[4] The Government contends that (i) Defendant's current claim for relief is procedurally barred, because it could have been raised on direct appeal, but Defendant failed to do so; (ii) Defendant's current motion is time-barred under 28 U.S.C. § 2255(f), because it was not filed within one year after Defendant's conviction and sentence were finally affirmed on direct appeal, (and because neither Chambers nor Johnson extended the statute of limitations deadline); and (iii) Defendant's current claim involves an alleged misinterpretation or misapplication of the Sentencing Guidelines, and such claims cannot properly be brought in a § 2255 proceeding.

4

a "career offender" under the Sentencing Guidelines. USSG § 4B1.1.[5] Defendant's current § 2255 claim challenges only one of his three prior convictions for a "crime of violence" – namely, his conviction for "felony theft from a person." Therefore, even if Defendant's current claim were sustainable, he still would have two remaining convictions that constitute crimes of violence under the Guidelines, and hence he still would be a "career offender" for purposes of the Guidelines. In other words, even if Defendant could overcome all of the procedural defenses raised by the Government, and even if Defendant's conviction for "felony theft from a person" can no longer be considered a "crime of violence," (by reason of Chambers and/or Johnson), he still would be a "career offender" by reason of his two remaining convictions for a "crime of violence."

In short, even if Defendant's argument were sustainable, he still would be a "career offender," and his sentence would remain the same. Therefore, Defendant's § 2255 Motion will be denied, on the merits, and with prejudice.

### III. Certificate of Appealability

An order denying a § 2255 motion is not reviewable on appeal, unless the defendant has been granted a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(B). Federal district courts cannot grant a Certificate of Appealability unless the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

---

[5] It takes three prior "violent felony" convictions, (or "serious drug offenses"), to qualify as an armed career criminal for purposes of the Armed Career Criminal Act. 18 U.S.C. § 924(e)(1). But Defendant was not convicted and sentenced under that law, and that law is not at issue here. Defendant is challenging his status as a "career offender" under the Sentencing Guidelines, which requires only two convictions for a "crime of violence.'"

A Certificate of Appealability will not be granted simply because the appeal is pursued in good faith and raises a non-frivolous issue. See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253"). Instead, the defendant must satisfy a higher standard, showing that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise warrant further review. Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994) (citing Lozado v. Deeds, 498 U.S. 430, 432, (1991) (per curiam)); see also Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

The insufficiency of Defendant's current § 2255 claim is not "debatable among reasonable jurists." Flieger, supra. It is virtually inconceivable that any other court, including the Eighth Circuit Court of Appeals, would grant Defendant's current § 2255 Motion. Defendant has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. Therefore, Defendant will not be granted a Certificate of Appealability in this matter.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS ORDERED THAT:**

(1) Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," (Docket No. 63), is **DENIED ON THE MERITS AND WITH PREJUDICE**; and

(2) Defendant will **NOT** be granted a Certificate of Appealability in this matter.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  May 19, 2010

s/Richard H. Kyle  
RICHARD H. KYLE  
United States District Court Judge